UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

THIRD AMENDED CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | **April 2, 2010** | Docket #: | |
| Debtor: | **Paul William Brown** | Co-Debtor: | **Lisa Marie Brown** |
| SS#: | **xxx-xx-1630** | SS#: | **xxx-xx-3624** |
| Address: | **172 Thayer Street**<br>**East Bridgewater, MA 02333** | Address: | **172 Thayer Street**<br>**East Bridgewater, MA 02333** |

| | |
|---|---|
| Debtor's Counsel: | **Marla R. Margolis 633149** |
| Address: | **7 Colby Court, Unit 7**<br>**Suite 200**<br>**Bedford, NH 03110** |
| Telephone #: | **978-222-3122** |
| Facsimile #: | **978-222-3122** |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY (30) DAYS AFTER THE FIRST DATE SET FOR THE SECTION 341 MEETING, OR (ii) THIRTY (30) DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# OFFICIAL FORM 3
# THIRD AMENDED PRE-CONFIRMATION CHAPTER 13 PLAN

### THIRD AMENDED CHAPTER 13 PLAN

Docket No.: _____

| DEBTORS: | (H) | **Paul William Brown** | SS# | **xxx-xx-1630** |
|---|---|---|---|---|
|  | (W) | **Lisa Marie Brown** | SS# | **xxx-xx-3624** |

I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ __**103.00**__ for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☒ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____

☐ __0__ Months. The Debtor states as reasons therefore:

_____

II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Bank of America | First Mortgage Pre-Petition Arrears | $ 2,119.09 |

Total of secured claims to be paid through the Plan $ 2,119.09

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Bank of The West** | **RV Loan** |
| Chase | Auto Loan |
| Crescent Credit Union | Auto Loan |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| Bank of America | **Second Mortgage** | SEE ADDENDUM |

D. Leases:

    i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-**

      ; or

    ii.   The Debtor(s) intend(s) to assume the residential/personal property lease claims of
        **-NONE-**
        .

    iii.  The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Priority Claims to Be Paid Through the Plan  $ **0.00**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):  $ **500.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **1.9797**% of their claims.

A. General unsecured claims:  $ **89,471.89**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **BAC Home Loans Servicing, LP** | **Second Mortgage** | $ **59,169.65** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Unsecured Claims (A + B + C):  $ **148,641.54**

D. Multiply total by percentage:  $ **2,942.78**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | | $ |

Total amount of separately classified claims payable at ____%  $ **0.00**

VI. OTHER PROVISIONS

    A. Liquidation of assets to be used to fund plan:

    B. Miscellaneous provisions:

**Special Intentions:**

**HSBC Nevada, N.A. .: Debtor is surrendering the property to Creditor, a 2006 Sea-Doo RXP, in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.**

VII. CALCULATION OF PLAN PAYMENT

| | |
|---|---:|
| a) Secured claims (Section II-A&D Total): | $ 2,119.09 |
| b) Priority claims (Section III-A&B Total): | $ **0.00** |
| c) Administrative claims (Section IV-A&B Total): | $ **500.00** |
| d) Regular unsecured claims (Section V-D Total): | $ **0.00** |
| e) Separately classified unsecured claims: | $ **2,942.78** |
| f) Total of a + b + c + d + e above: | =$ **5,561.87** |
| g) Divide (f) by .90 for total including Trustee's fee: | |
| Cost of Plan= | $ **6,179.86** |

(This represents the total amount to be paid into the chapter 13 plan)

| | |
|---|---:|
| h. Divide (g), Cost of Plan, by Term of plan, | 60 months |
| i. Round up to nearest dollar for Monthly Plan Payment: | $ **103.00** |

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.
Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---:|---:|
| **Single family home Primary residence Location: 172 Thayer Street, East Bridgewater MA 02333** | $ 322,000.00 | $ 404,766.76 |

| | |
|---|---:|
| Total Net Equity for Real Property: | $ **0.00** |
| Less Exemptions (Schedule C): | $ **0.00** |
| Available Chapter 7: | $ **0.00** |

B. Automobile (Describe year, make and model):

| Description | Value $ | Lien $ | Exemption $ |
|---|---|---|---|
| **2003 Sprinter RV** | **10,500.00** | **5,706.29** | **4,793.71** |
| **2003 Larson Boat** | **6,360.00** | **8,704.64** | **0.00** |
| **2005 Chevrolet Silverado 2500 Pickup HD Crew Cab Short Bed V8, 6.0 Liter 50,000 miles Excellent condition KBB value** | **19,960.00** | **15,443.00** | **4,517.00** |
| **2005 Toyota Highlander Sport Utility 4D V6, 3.3 Liter 61,000 miles Excellent condition KBB value** | **18,265.00** | **16,330.00** | **1,935.00** |

Total Net Equity: $ **11,245.71**
Less Total Exemptions (Schedule C): $ **11,245.71**
Available Chapter 7: $ **0.00**

C. All other Assets (All remaining items on Schedule B): (Itemize as necessary)

**Cash on hand**
**Miscellaneous used household goods and furnishings**
**Miscellaneous used clothing**
**401(k)**
**2009 tax refund**

Total Net Value: $ **7,096.00**
Less Total Exemptions (Schedule C): $ **7,096.00**
Available Chapter 7: $ **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $ **0.00**

E. Additional Comments regarding Liquidation Analysis:


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Marla R. Margolis**                                                               **July 26, 2010**
**Marla R. Margolis 633149**                                                                  Date
Debtor's Attorney
Attorney's Address:  **7 Colby Court, Unit 7**
                     **Suite 200**
                     **Bedford, NH 03110**
               Tel. #:  **978-222-3122 Fax:978-222-3122**
        Email Address:  **marla@massdebtrelief.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

Date **July 26, 2010**          Signature **/s/ Paul William Brown**
                                          **Paul William Brown**
                                          Debtor

Date **July 26, 2010**          Signature **/s/ Lisa Marie Brown**
                                          **Lisa Marie Brown**
                                          Joint Debtor

## ADDENDUM TO CHAPTER 13 PLAN

SECTION II (A) AND (C)

 1. Bank of America presently holds the Second Mortgage (account #9548) from Paul William Brown and Lisa Marie Brown to Bank of America recorded in the Plymouth District Registry of Deeds. This mortgage encumbers the property known as 172 Thayer Street, East Bridgewater MA. To the best of debtor's knowledge and belief, there is no assignment on record at the registry of deeds for this mortgage. The balance of said mortgage is approximately $59,169.65. This mortgage is presently being serviced by Bank of America to the best of debtor's knowledge and belief.

 2. Said second mortgage held by Bank of America set forth in Paragraph 1 above is WHOLLY UNSECURED as the value of said property is approximately $322,000. The balance of the first mortgage, held and serviced by Bank of America, is $345,597.11, according to Debtor's last received account statement from Bank of America.

 3. The unsecured claim of Bank of America is included in the class of unsecured claims and will be paid the same dividend as the other unsecured claims; a dividend of 1.9797%.

 4. Upon completion of the plan and the issuance of a discharge in this case, the second mortgage to Bank of America and recorded in the Plymouth Registry of Deeds, shall be deemed discharged of record.

## CERTIFICATE OF SERVICE

I hereby certify that on July 26 , 2010, a copy of **Third Amended Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**BAC Home Loans Servicing, LP, PO Box 660625, Dallas, TX 75266-0625**
**Bank of America, PO Box 15019, Wilmington, DE 19886**
**Bank of The West, PO Box 8160, Walnut Creek, CA 94596**
**BJ's, PO Box 13337, Philadelphia, PA 19101**
**Brockton Radiological Association, 2527 Cranberry Highway, Wareham, MA 02571**
**Capital One Bank, PO Box 71083, Charlotte, NC 28272**
**Chase Auto, 600 Community Drive, Manhasset, NY 11030**
**Chase Mortgage, PO Box 78050, Phoenix, AZ 85062**
**Citi Dividend Platinum Select Card, Box 6500, Sioux Falls, SD 57117**
**Citi Mastercard, PO Box 653054, Dallas, TX 75265**
**Crescent Credit Union, P.O. Box 4290, Brockton, MA 02303**
**Discover, PO Box 15156, Wilmington, DE 19895**

**Fashion Bug, Po Box 659728, San Antonio, TX 78265**

**Home Depot, Processing Center, Des Moines, IA 50364**

**HSBC Retail Services, PO Box 15521, Wilmington, DE 19850**

**Kohl's, PO Box 3034, Milwaukee, WI 53201**

**LCA Collections, PO Box 2240, High Point, NC 27261**

**Lowe's Project Card, PO Box 530914, Atlanta, GA 30353**

**National Grid, PO Box 4300, Woburn, MA 01888**

**Signature Healthcare Brockton Hospital, PO Box 847472, Boston, MA 02284**

**/s/ Marla R. Margolis**
**Marla R. Margolis 633149**
**The Law Office of Marla R. Margolis**
**7 Colby Court, Unit 7**
**Suite 200**
**Bedford, NH 03110**
**978-222-3122Fax:978-222-3122**
**marla@massdebtrelief.com**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                   Best Case Bankruptcy